UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

September 20, 2023

LETTER TO COUNSEL

  RE: *Delena T. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
    Civil No. AAQ-22-00776

Dear Counsel:

  On March 31, 2022, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's") final decision to deny her claim for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons provided below, I will remand this case for further proceedings.

  I.  **The History of this Case**

  Plaintiff filed her claim for financial assistance on December 27, 2019, alleging a disability onset date of November 26, 2019. ECF No. 15-3, at 84. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on November 4, 2021. *Id.* After that hearing, the ALJ determined that Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id.* at 99. Since the Appeals Council denied Plaintiff's request for review, *id.* at 1, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

  The ALJ found that Plaintiff suffered from the severe impairments of "lumbar spine disorder, cervical spine disorder, diabetes mellitus with peripheral neuropathy, gastroparesis, hypertension, obesity, bipolar disorder and depressive disorder." ECF No. 15-3, at 86. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except as follows. She cannot climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, crawl and climb ramps or stairs. She cannot balance as that term is defined in the Selected Characteristics of Occupations or the Dictionary of Occupational Titles, but she can maintain equilibrium to stand and walk on level terrain frequently, with customary breaks. With the right upper

Case 1:22-cv-00776-AAQ   Document 24   Filed 09/20/23   Page 2 of 6

*Delena T.. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-22-00776
September 20, 2023
Page 2

> extremity, she can occasionally reach overhead and frequently reach in all other directions. She cannot work with dangerous moving machinery or at unprotected heights. Her workstation must be on the same floor as a bathroom. She cannot work in extreme heat or extreme humidity. She can perform simple routine tasks for two hours at a consistent pace throughout the workday. She cannot work at a production-rate pace where each task must be completed within a strict time deadline.

*Id.* at 91. The ALJ determined that Plaintiff was unable to perform past relevant work, but that she did not have a disability because she could perform other jobs that exist in significant numbers in the national economy. *Id.* at 99. As a result, the ALJ denied her claim for disability-related assistance. *Id.*

In reaching this conclusion, the ALJ considered the extent to which Plaintiff's symptoms were supported by the medical record and the extent to which they impacted her ability to work and perform other relevant activities. *Id.* at 91. While discussing Plaintiff's symptoms related to her gastroparesis, the ALJ noted that Plaintiff testified she:

> has gastroparesis flares, which make her nauseated and weak. During a flare, she has to be in the bathroom 3-4 times per day. Her symptoms are better when she avoids the foods listed in a pamphlet she received, but not all of the foods that bother her are in the pamphlet.

*Id. See id.*, at 124 (reporting Plaintiff's testimony that, during gastroparesis flares – which generally last two to three days but can be longer – she is in the bathroom three to four times per day for at least ten minutes and would have to "drop what [she was] doing to run to the bathroom" even if she was in the middle of a work task). The ALJ stated that there "is little evidence of gastroparesis flares since the alleged onset date" but also noted multiple visits to the emergency department for abdominal pain and to her gastroenterologist for symptoms related to her gastroparesis. *Id.* at 94. The ALJ did not discuss the State Agency medical consultant's opinions regarding Plaintiff's gastroparesis other than citing them as a basis for limiting postural movements due to abdominal pain. *Id.* at 96. This was despite the medical consultant's reporting – which the ALJ found largely persuasive – that Plaintiff experienced symptoms and hospital visits related to gastric distress. *See* ECF No. 15-4, at 6 (noting "[history] of gastroparesis," that claimant "had gastric emptying study 11/2016 which confirmed gastroparesis," and multiple ER visits for abdominal pain and diarrhea); *id.* at 7 (noting history of chronic constipation and recent progression to alternating diarrhea and constipation beginning on September 16, 2019 and constant diarrhea as of June 22, 2020).

## II.     Plaintiff's Arguments on Appeal

*Delena T.. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-22-00776
September 20, 2023
Page 3

On appeal, Plaintiff challenges the ALJ's RFC on four grounds. According to Plaintiff, the ALJ (1) applied an improper analysis, based on the Fourth Circuit's decision in *Dowling v. Commissioner of Social Security Administration*, 986 F.3d 377 (4th Cir. 2021); (2) failed to account for Plaintiff's limitations in maintaining concentration, persistence, or pace; (3) erroneously found that Plaintiff can stand/walk six hours in an eight-hour workday on a regular and continuous basis despite her self-description of her limitations; and (4) did not account for Plaintiff's reaching limitations with her right arm, as identified by the SSA's reviewing physicians. ECF No. 20, at 5-32. This Opinion focuses on Plaintiff's first argument that under the framework in *Dowling*, the ALJ failed to properly explain its decision regarding Plaintiff's need to take breaks due to her gastroparesis and whether related symptoms impact her ability to work. *Id.* at 6.

An RFC determination occurs at step three of the sequential evaluation process. 20 C.F.R. § 416.920(a)(4); SSR 96-8p, 1996 WL 374184 (July 2, 1996). There, the ALJ incorporates a function-by-function assessment of a claimant's ability to perform work-related activities. SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). The United States Court of Appeals for the Fourth Circuit has held that such a function-by-function assessment requires ALJs to evaluate a "claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling*, 986 F.3d. at 387 (internal citation and quotation marks omitted). As outlined in *Dowling*, every conclusion reached when evaluating a RFC should be accompanied by a "narrative discussion" describing evidence that supports it. *Id.* (citing *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). A proper RFC narrative is composed of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Jeffrey B. v. Saul*, No. GLS-20-1090, 2021 WL 797920, at *2 (D. Md. Mar. 2, 2021) (quoting *Dowling*, 986 F.3d at 388). Through the narrative discussion, an ALJ should "build an accurate and logical bridge from the evidence to [her] conclusion." *Id.* (quoting *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017)). "The Court cannot find that substantial evidence supports an RFC fashioned by an ALJ if the ALJ failed to provide a separate analysis explaining how, based on the symptom evaluation, the ALJ arrived at the conclusions contained within the RFC." *Marie Evelyn B. v. Kijakazi*, No. GLS-22-1240, 2023 WL 4600520, at *5 (D. Md. Jul. 17, 2023).

District courts in the Fourth Circuit have regularly held that when "an ALJ finds that a claimant has an impairment that requires [them] to have access to a bathroom, the ALJ should make specific findings concerning the frequency and duration of [the claimant's] bathroom usage." *Ackerman v. Saul*, 2021 WL 4317282, at *4 (E.D.N.C. Aug. 24, 2021) (citing *Summey v. Berryhill*, No. 1:16-CV-1185, 2018 WL 708355, at *3 (M.D.N.C. Feb. 5, 2018); *see Taylor v. Astrue*, No. 7:11-CV-162-FL, 2012 WL 3637254, at *11 (E.D.N.D. Aug. 1, 2012); *Davis v. Comm'r Soc. Sec.*, No. 2:10-CV-30, 2011 WL 442118, at *1 (N.D. W.Va. Feb. 2, 2011)). The Fourth Circuit adopted this position in *Dowling*, in which the court found that the ALJ failed to analyze the claimant's need for regular bathroom breaks despite considerable evidence in the record demonstrating that the claimant "require[d] bathroom breaks at a frequent, and often unpredictable, rate." *Dowling*,

Case 1:22-cv-00776-AAQ   Document 24   Filed 09/20/23   Page 4 of 6

*Delena T.. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-22-00776
September 20, 2023
Page 4

986 F.3d at 389.  Citing these rulings, the court in *Ackerman v. Saul* remanded for further reconsideration because, while "the ALJ [did] include accommodations in the RFC that provide Plaintiff with access to a bathroom, the ALJ [did] not explain how Plaintiff's frequent trips to the bathroom would impact her ability to stay on task . . . ."  2021 WL 4317282, at *5.  *See Bowman v. Comm'r Soc. Sec. Admin.*, No. 8:20-cv-03328-JDA, 2021 WL 9569650, at *9 (D.S.C. Oct. 21, 2021) ("[T]he ALJ did not explain whether Plaintiff would be able to time her urination breaks to coincide with her changing breaks or whether an immediate need to urinate might require her to take breaks in addition to her changing breaks.  Regarding duration, the ALJ did not discuss Plaintiff's testimony that her trips to urinate could be lengthy, did not explain how long the urination breaks would need to be, and did not explain how long it would take for her to change her clothes.  Rather, he simply concluded, without any discussion, that she would not be off task for more than 10% of the workday.  Without further explanation of the ALJ's reasoning, the Court is unable to adequately conduct substantial-evidence review of the ALJ's decision.").

Here, the ALJ found that Plaintiff's gastroparesis constituted a severe impairment.  ECF No. 15-3, at 86.  Plaintiff reported that she has Irritable Bowel Syndrome (IBS) and that, as a result of her gastroparesis, "[s]he feels nauseous constantly, and she has vomiting, cramping, and poor appetite sometimes."  *Id.*, at 91.  As a result, she sees a gastroenterologist and has made multiple trips to the emergency room for abdominal pain.  *Id.*, at 94.  Plaintiff's medical records substantiate her testimony regarding the frequency and intensity of her symptoms from gastrointestinal distress.[1]  *See, e.g.*, ECF No. 15-3, at 14, 21, 23, 31, 148-50, 152.  The ALJ did not point to any evidence in the record disputing Plaintiff's complaints other than a gap in treatment with her gastroenterologist between December 2019 and October 2021.  *Id.* at 94.  *Contra Michael O. v. Kijakazi*, No. 22-2287-BAH, 2023 WL 4533318, at *5 (D. Md. Jul. 13, 2023) ("However, Plaintiff's position is unavailing because, by his own account, his requirement for this number of bathroom trips per day has greatly fluctuated" and his "medical records 'do not indicate significant urgency' regarding his bowel disorder.").  To compensate for these impairments, the ALJ incorporated the need for Plaintiff to work near a restroom and be able to take customary breaks into the RFC.  *See* ECF No. 15-3, at 97 ("She needs to work on the same floor as a bathroom due to her gastroparesis and her episodes of diarrhea and bathroom frequency.").

The ALJ's analysis suffered from multiple deficiencies.  First, the ALJ did not make specific findings regarding the frequency and duration of Plaintiff's bathroom trips.  *See Minchew v. Berryhill*, No. 5:18-CV-56-KS, 2019 WL 772042, at *3 (E.D.N.C. Feb. 21, 2019) ("Absent specific findings concerning the frequency and duration of a claimant's bathroom usage, a court cannot determine whether the ALJ's findings are supported by substantial evidence, and remand is appropriate.").

---

[1] The Commissioner faults Plaintiff for failing to identify medical records substantiating the "nature" of her claims regarding her gastrointestinal distress.  ECF No. 22-1, at 9.  The records note regular pain and nausea, in some cases so severe that she awakens at night.  *See, e.g.*, ECF No. 15-3, at 21.

*Delena T.. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-22-00776
September 20, 2023
Page 5

Second, the ALJ, without explanation, ignored testimony from the VE favorable to Plaintiff and contrary to his RFC. *Abbott v. Astrue*, No. PWG–08–1813, 2010 WL 917505, at *3 (D. Md. Mar. 9, 2010) (remanding ALJ's decision where "the ALJ failed to explain how she considered the testimony of the VE" and "the ALJ's decision d[id] not make any reference to the VE's testimony that was favorable to [the plaintiff]."). The ALJ's initial RFC did not address Plaintiff's need for unexpected breaks or urgent trips to the bathroom. *See* ECF No. 15-3, at 131-32 (asking the expert to consider a hypothetical claimant that could "maintain equilibrium to stand and walk on level terrain frequently with customary breaks" and could "perform simple, routine tasks for two hours at a consistent pace throughout the workday, but cannot work at a production-rate pace where each task must be completed within a strict time deadline."). Subsequently, the ALJ asked the VE to "assume that, due to side effects with medication and symptom flare ups . . . and issues with memory, the individual will be off-task throughout the workday, and therefore, need to take additional breaks, and would therefore be off-task more than 15 percent of the workday on average, and would be absent two or more days per month on a regular and continuing basis." ECF No. 15-3, at 135. The VE replied that "either of those would preclude work in my opinion. More than 15 percent and two or more days per month would preclude all work." *Id.*; *see also id.* at 143 (providing the ALJ expert testimony that if a person had to miss two days per month within their first ninety days of employment, they would not be able to maintain employment). Despite the VE's conclusion, the ALJ failed to explain why Plaintiff was not precluded from work.

The Commissioner argues that the ALJ formulated an RFC that "closely aligned with Plaintiff's testimony regarding her need for restroom breaks throughout the day."[2] ECF No. 22-1, at 8. However, the ALJ did not reconcile Plaintiff's and the VE's testimony with the RFC or explain why working on the same floor as a bathroom would address the need to take urgent, unscheduled, and/or prolonged breaks. According to Plaintiff, during a flare, she would be in the bathroom for up to forty minutes a day with no guarantee that her need to use the bathroom would coincide with customary break times. Customary breaks generally include a morning break, a lunch period, and an afternoon break totaling sixty minutes in an eight-hour workday. *See April T. v. Kijakazi*, No. 22-2820-BAH, 2023 WL 5721719, at *3 (D. Md. Sept. 5, 2023) (citing Social Security Ruling 96-9p, 1996 WL 374185 (July 2, 1996), for the proposition that customary breaks include "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals" and noting that a RFC including customary breaks is insufficient to address additional limitations because "breaks at two-hour intervals are customary even for those *without* such limitations."). If Plaintiff's bathroom trips did not coincide with those scheduled breaks, the additional forty minutes Plaintiff testified she would need could constitute 10% of her working hours, even before considering the time required to travel to and from the bathroom. Furthermore, this assumes Plaintiff would be able to attend work during a flare-up. Accordingly, it would be inaccurate to assume that Plaintiff's time in the bathroom during her flares is equivalent to the total

---

[2] The Commissioner does not respond to the case law cited in Plaintiff's brief regarding the need for the ALJ to make specific findings regarding the frequency and duration of Plaintiff's bathroom trips. *See* ECF No. 22-1, at 8-9.

*Delena T.. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-22-00776
September 20, 2023
Page 6

time spent off-task as a result of the flares. *Contra* ECF No. 22-1, at 9. Additionally, the ALJ did not consider how these additional bathroom trips would impact on-task calculations when considered in the context of Plaintiff's other limitations related to her physical and mental conditions. *See Sweat v. Comm'r Soc. Sec. Admin.*, No. 8:21-cv-01015-SAL-JDA, 2022 WL 16640121, at *10 (D.S.C. Mar. 4, 2022) (remanding in part because the ALJ failed to discuss how the plaintiff could work while dealing with "fatigue or chronic fatigue; side effects of her Stelara injections; or the unpredictability of her disease requiring her to go to the bathroom so suddenly and frequently" (internal citations omitted)); *see also Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [the claimant] can perform work in two-hour increments with normal breaks does not adequately account for her ability to . . . stay on task.").

Since the ALJ failed to draw a logical bridge between Plaintiff's gastroparesis symptoms and the resulting RFC, I cannot assess whether the RFC determination is supported by substantial evidence. For that reason, I remand this case for additional consideration by the Commissioner. Because I remand this case on other grounds, I need not need address Plaintiff's remaining arguments. However, the ALJ should address other issues Plaintiff has raised. *Mary H. v. Kijakazi*, No. TMD 20-1718, 2021 WL 3617212, at *6 (D. Md. Aug. 16, 2021) (citing *Tanner v. Comm'r of Soc. Sec.*, 602 F.App'x 95, 98 n.* (4th Cir. 2017)).

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 20, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 22, is DENIED. Pursuant to sentence four of 42 U.S.C. §405(g), the SSA's judgment is VACATED. This case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.

So ordered.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge